UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYONNA TURNER, <br><br> Plaintiff, <br><br> v. <br><br> ALCLEAR, LLC, <br><br> Defendant. | No. 2:24-cv-00530-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff Tyonna Turner's ("Plaintiff") Motion to Remand. (ECF No. 5.) Defendant Alclear, LLC ("Defendant") filed an opposition. (ECF No. 8.) Plaintiff filed a reply. (ECF No. 9.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of Defendant's alleged wage and hour violations. (ECF No. 1-4 at 8–27.) Plaintiff was employed by Defendant, a technology company, as a non-exempt employee with the title of "Sales Ambassador" out of the Sacramento office. (*Id.* at 11.) Plaintiff worked for Defendant from March 27, 2023, to October 12, 2023. (*Id.*) Plaintiff and other non-exempt employees were responsible for all aspects of Defendant's business in California. (*Id.*) Plaintiff alleges she and non-exempt employees were often not afforded all the protections and rights conferred under state law. (*Id.*) On January 11, 2024, Plaintiff filed the operative Complaint in Sacramento County Superior Court, alleging the following claims: (1) failure to pay all overtime wages; (2) meal period violations; (3) rest period violations; (4) failure to pay sick time; (5) wage statement violations; (6) waiting time penalties; (7) failure to reimburse necessary business expenses; and (8) unfair competition. (*Id.* at 8–27.)

On February 20, 2024, Defendant removed the action to this Court based on the Class Action Fairness Act ("CAFA"). (ECF No. 1.) Plaintiff filed the instant motion to remand on March 21, 2024. (ECF No. 5.)

## II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). CAFA gives federal courts original jurisdiction over certain class actions only if: (1) the class has more than 100 members; (2) any member of the class is diverse from the defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (5)(B).

Congress enacted CAFA "specifically to permit a defendant to remove certain class or mass actions into federal court" and intended courts to interpret CAFA "expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). As a general rule, removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nonetheless, "[i]f at any time before final

2

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

A defendant seeking removal under CAFA must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 83 (quoting 28 U.S.C. § 1446(a)). The notice of removal "need not contain evidentiary submissions," rather a defendant's "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" suffices. *Id.* at 84, 89. When "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. The parties may submit evidence outside the complaint including "affidavits or declarations or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908 *2 (E.D. Cal. Oct. 7, 2020) (citation omitted).

When "the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and the underlying assumptions must be reasonable, and not constitute mere speculation and conjecture." *Id.* (citing *Ibarra*, 775 F.3d at 1197–99). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. Then "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 574 U.S. at 89 (internal citation omitted).

**III.    ANALYSIS**

Plaintiff argues Defendant cannot remove this action under CAFA because it has not proven the requisite amount in controversy by a preponderance of the evidence. (ECF No. 5 at 8.) Specifically, Plaintiff contends: (1) Defendant has not submitted credible evidence that the amount in controversy exceeds $5 million; (2) Defendant's waiting time penalty calculation assumes a 100 percent violation rate; (3) Defendant did not offer a figure for the overtime, sick pay, meal and rest period, and reimbursement claims; and (4) Defendant's attorneys' fees

3

calculations are unsupported and exaggerated. (*Id.* at 8–13.) The Court will consider each of these arguments in turn.

### A.     Credible Evidence

Plaintiff argues the Complaint does not specify an amount of damages and the allegations do not support Defendant's purported 100 percent violation rates and damages model (specifically, an assumption of a 100 percent violation rate and 30 days of wages for more than 1,150 putative class members). (*Id.* at 10.) Plaintiff contends that despite having access to Plaintiff's and other putative class members' time and payroll records, Defendant does not provide any evidence or reasonable assumptions about Plaintiff's underlying overtime, sick pay, or meal and rest period claims. (*Id.*)

In opposition, Defendant maintains it submitted with its notice of removal "authenticated evidence" in the form of a sworn declaration of its Payroll Manager, Cecilia N. Kwok ("Kwok"), who has access to and reviewed Defendant's current and former employees' records. (ECF No. 8 at 10.) Defendant also submitted a supplemental declaration from Kwok with its opposition to confirm employees are regularly scheduled to work eight-hour shifts. (*Id.* at 11.)

In reply, Plaintiff contends Defendant has not met the preponderance of the evidence standard, "as it is more likely than not that the amount in controversy fails to meet the $5,000,000 threshold based solely on a self-serving declaration coupled with unreasonable assumptions without evidentiary support." (ECF No. 9 at 5.)

Because Plaintiff challenges Defendant's estimate, Defendant bears the burden to establish jurisdiction by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 87–88; *see also Ibarra*, 775 F.3d at 1197. Defendant must present "more than a plausible case to show it satisfies the jurisdictional prerequisite." *Hender v. Am. Directions Workforce LLC*, No. 2:19-cv-01951-KJM-DMC, 2020 WL 5959908, at *2 (E.D. Cal. Oct. 7, 2020).

As a preliminary matter, Defendant was not required to submit evidence with its notice of removal. *See Dart Cherokee*, 574 U.S. at 84, 89 (holding that the notice of removal "need not contain evidentiary submissions" and defendant's "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" is sufficient at that stage). To the extent

1  Plaintiff challenges the Kwok declarations in her motion and reply, courts have found this type of
2  evidence to be sufficient for establishing the amount in controversy in similar cases. *See Avila v.*
3  *Rue21, Inc.*, 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020) (finding a declaration from defendant's
4  "Associate Director of the Operational Finance Department" based on "his personal knowledge of
5  [d]efendant's business records" to be sufficient); *Andrade v. Beacon Sales Acquisition, Inc.*, No.
6  CV 19-06963-CJC(RAOx), 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (holding "a
7  declaration from a knowledgeable employee based on her analysis of regularly kept and created
8  business records" to be sufficient).

9  Here, Kwok's declarations establish that there were at least 1,150 putative class members
10 who separated from Defendant between January 11, 2020,[1] and December 12, 2023, and that the
11 average hourly rate for those employees at the time of termination was $18.48. (ECF No. 1-3 at
12 2; ECF No. 8-1 at 2–3.) Kwok avers that, in connection with these declarations, she reviewed
13 records for Defendant's non-exempt employees during the period between January 11, 2020, to
14 the present that were created, maintained, and kept by Defendant in the regular and ordinary
15 course of business. (*Id.*) Based on the content of these declarations — and in absence of any
16 evidence from Plaintiff to the contrary — the Court concludes there is a sufficient evidentiary
17 foundation laid to determine the amount in controversy.

18 Further, to the extent Plaintiff argues *Ibarra*, 775 F.3d at 1199, mirrors the instant
19 challenge to the credibility of evidence presented (ECF No. 9 at 6), the Court disagrees that
20 *Ibarra* is analogous. In *Ibarra*, the Ninth Circuit held that "a 'pattern and practice' of doing
21 something does not necessarily mean always doing something," and, without more, an
22 assumption of a 100 percent violation rate was not reasonable. 775 F.3d at 1199. The Ninth
23 Circuit did not find that the declaration of defendant's senior director of employee services and
24 administration did not constitute sufficient credible evidence to determine the amount in
25 controversy. *Id.* at 1198. Rather, the court took issue with the declaration's method of
26 calculation assuming defendant denied each class member one meal break in each of their 5-hour

---

[1] Defendant notes January 11, 2021, in its opposition brief, but Kwok notes the relevant date is January 11, 2020, in her declaration. (ECF No. 1-3 at 2.)

1    shifts and one rest break in each of their 3.5-hour shifts. *Id.*

2    Having found the Kwok declarations to be sufficient, the Court will next consider the
3    amount in controversy for Plaintiff's claims.

### B.     Waiting Time Penalty Calculation

5    In the notice of removal, Defendant estimates waiting time penalties are $5,100,480.
6    (ECF No. 1 at 11.) Defendant bases this estimate on the following calculation: $18.48 average
7    hourly rate x 8 hours/day x 30 days x 1,150 full-time putative class members who have been
8    terminated, resigned, or otherwise separated from employment with Defendant. (*Id.*; ECF No. 1-
9    3 at 2.)

10   Plaintiff contends Defendant's calculations lack justification for assuming a 100 percent
11   penalty recovery for the full 30-day period for each putative class member. (ECF No. 5 at 11.)
12   Specifically, Plaintiff notes the Kwok declaration: fails to state what electronic payroll
13   information and data was used to determine there are "at least" 1,150 terminated non-exempt
14   employees; why the average hourly rate for all those former employees would be entitled to
15   maximum waiting time penalties; and the basis for the calculation that each employee worked
16   eight hours per day, every day, during the three-year time frame. (*Id.* at 11–12.)

17   In opposition, Defendant maintains its calculation of the amount in controversy does not
18   assume putative class members were subjected to overtime, sick pay, vacation pay, and meal and
19   rest period violations in 100 percent of the shifts they worked. (ECF No. 8 at 14.) Rather,
20   Defendant asserts it only makes the reasonable assumption that Plaintiff is claiming putative class
21   members were subjected to at least one violation (of overtime, sick pay, vacation pay, or a single
22   meal or rest period violations) during their employment. (*Id.* at 14–15.) Defendant then states,
23   that having made this assumption, it applied the statistics authenticated by its Payroll Manager to
24   calculate the potential amount in controversy in connection with Plaintiff's claim for waiting time
25   penalties. (*Id.* at 15.) Defendant notes this method of calculation is routinely approved by
26   California courts, including this Court in *Vigil v. DAK Res., Inc.*, No. 2:23-cv-00163-TLN-AC,
27   2023 WL 5917522 (E.D. Cal. Aug. 11, 2023). (*Id.*)

28   ///

6

1    Here, the Court agrees with Defendant that this matter is analogous to the matter presented
2    in *Vigil*, 2023 WL 5917522.  As in *Vigil*, Plaintiff alleges Defendant is liable for maximum
3    waiting time penalties of 30 days of wages.  (ECF No. 1-4 at 24 ("Defendant is liable to the
4    Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for
5    Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203.").)  Therefore, it is
6    reasonable to assume maximum waiting time penalties — the daily pay rate for up to 30 days —
7    for purposes of calculating potential damages.  *See Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-
8    cv-01207-JAM-DB, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019) (holding it was
9    reasonable to assume maximum waiting time penalties where the complaint demanded up to 30
10   days of wages as penalties and made broad allegations of violations).  Further, because Plaintiff
11   makes broad allegations of violations, "it is reasonable to assume the [separated] class members
12   suffered at least one violation (e.g., one missed meal or rest [period]) and were therefore not paid
13   all wages owed upon [separation]."  *Id.*  Accordingly, the Court finds Defendant has established
14   by a preponderance of the evidence the waiting time penalties claim equals an amount in
15   controversy of $5,100,480.

16   The Court disagrees with Plaintiff's contention that this matter is like the one presented in
17   *Garibay v. Archstone Cmtys, LLC*, 539 F. App'x 736, 764 (9th Cir. 2013).  (ECF No. 5 at 11.)  In
18   *Garibay*, the court found a declaration from a payroll supervisor, without more, was insufficient
19   to establish the amount in controversy.  539 F. App'x at 764.  Several courts, including this one,
20   have emphasized that *Garibay* is an unpublished opinion and therefore nonbinding.  *See Sanchez*
21   *v. Abbott Laboratories*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *3 (E.D. Cal. June
22   30, 2021) (citing cases).  Further, as this Court has done in the past, it finds "*Garibay* is of limited
23   utility here because it contains little discussion of . . . the appropriate evidence that the defendants
24   should have produced to establish the amount in controversy."  *Id.* (citing *Herrera v. Carmax*
25   *Auto Superstores Cal., LLC*, No. EDCV14776MWFVBKX, 2014 WL 12586254, at *3 (C.D. Cal.
26   June 12, 2014)).

27   Defendant is correct the other cases Plaintiff cites (for the proposition that Defendant's
28   calculations lack justification for assuming a 100 percent penalty recovery for the full 30-day

7

1  period) are distinguishable from the instant matter.² (ECF No. 8 at 17–18.) First, both parties in
2  *Ibarra* failed to provide evidentiary support for their competing violation rates, so the Ninth
3  Circuit remanded the action to the district court for the parties to provide further evidence. 775
4  F.3d at 1198–99. Unlike the defendant in *Ibarra* that assumed a 100 percent violation rate based
5  on the plaintiff alleging a "pattern and practice" of failure to pay for all hours worked, Defendant
6  is making a reasonable assumption that Plaintiff is seeking to recover some amount of unpaid
7  wages for each putative class member based on at least one violation per employee. Second, in
8  *Beck v. Saint-Gobain Containers, Inc.*, No. 2:16-cv-03638-CAS-SK, 2016 WL 4769716, at *9
9  (C.D. Cal. Sept. 12, 2016) and *Cisneros v. Lerner N.Y., Inc.*, No. 2:16-cv-02722-CAS(Ex), 2016
10 WL 4059612, at *4 (C.D. Cal. July 25, 2016), the courts found there was "no evidence" to
11 support the assumption that all putative class members separated from employment would be
12 entitled to receive waiting time penalties for the entire 30 day period and that all members would
13 be entitled to eight hours of wages for each of the 30 days. In contrast, as stated previously,
14 Plaintiff herself explicitly alleges the Waiting Time Penalty Subclass is owed a full 30 days of
15 waiting time penalties. (ECF No. 1-4 at 24.) Finally, Defendant is correct that *Dupre v. General*
16 *Motors*, No. CV-10-0955-RGK(Ex), 2010 WL 3447082 (C.D. Cal. Aug. 27, 2020), has no
17 application to the instant matter because it does not address derivative waiting time penalties
18 under Labor Code § 203. (ECF No. 8 at 18.)
19      Based on the foregoing, the Court finds Defendant has established by a preponderance of
20 the evidence the waiting time penalties claim equals an amount in controversy of $5,100,480.
21              C.    Overtime, Sick Pay, Meal and Rest Period, and Reimbursement Claims
22      Plaintiff argues Defendant fails to calculate any damages for the overtime, sick pay, meal
23 and rest period, and reimbursement claims, or include these claims in its calculations. (ECF No.
24 5 at 12.) Plaintiff further argues that because Defendant did not offer an amount in controversy in
25 its notice of removal for these claims, no value can be added on these claims or any associated

---

² Plaintiff also cites to a case "*Johnson v. Sunrise Sr. Living Mgmt., Inc.*" (ECF No. 5 at 11), but did not provide a citation. Defendant notes this in its opposition (ECF No. 8 at 17), but Plaintiff does not address the issue in their reply (*see* ECF No. 9). Accordingly, the Court declines to evaluate this argument.

8

1 attorneys' fees, even if Defendant presents additional evidence in its opposition. (*Id.*) Defendant
2 does not address these arguments in its opposition. (*See* ECF No. 8.)
3       As stated previously, CAFA provides this Court with jurisdiction if the aggregated
4 amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §
5 1332(d)(2). Defendant has already established by a preponderance of the evidence that the
6 waiting time penalties claim equals an amount in controversy of $5,100,480. Accordingly, even
7 without calculations for the overtime, sick pay, meal and rest period, and reimbursement claims,
8 Defendant has shown by a preponderance of the evidence the amount in controversy in this case
9 exceeds $5 million as required by CAFA.

10       D.    Attorneys' Fees

11       Plaintiff argues Defendant has failed to meet its burden in proving the alleged $1,275,120
12 amount in controversy for attorneys' fees because Defendant's purported damages calculations
13 are "highly exaggerated." (ECF No. 5 at 13.) Plaintiff notes that Defendant seeks to calculate the
14 25 percent attorneys' fees based on the $5,100,480 amount in controversy for the waiting time
15 penalties claim, but only Plaintiff's overtime, reimbursement, and derivative wage statement
16 claims have underlying statutes that expressly authorize an award of attorneys' fees. (*Id.*)
17 Plaintiff maintains that if any attorneys' fees are due, they would be solely based on the Labor
18 Code § 226 and overtime and reimbursement claims, for which Defendant has not provided any
19 calculations or evidence. (*Id.*)
20       In opposition, Defendant maintains that Plaintiff's Complaint "expressly prays for
21 judgment '[o]n all causes of action, for attorneys' fees and costs,'" and seeks to recover an
22 unspecified amount of attorneys' fees in connection with her claims for unpaid overtime wages,
23 meal period violations, sick time pay, failure to provide accurate itemized wage statements, and
24 unfair competition. (ECF No. 8 at 19.) Defendant asserts the benchmark for attorneys' fees is 25
25 percent of the amount in controversy and therefore the Court should consider its $1,275,120
26 calculation to be a conservative estimate at 25 percent of the aggregate amount in controversy.
27 (*Id.*)
28 ///

1   In reply, Plaintiff emphasizes the claim for waiting time penalties is not eligible for
2   attorneys' fees and therefore Defendant fails to meet its burden of proof as to any violations or
3   damages attributable to claims that are eligible for attorneys' fees. (ECF No. 9 at 8.)
4   The Court finds the parties do not provide sufficient authority regarding whether
5   attorneys' fees can be calculated based on a waiting time penalties claim alone. Nevertheless,
6   Defendant has already established by a preponderance of the evidence that the waiting time
7   penalties claim equals an amount in controversy of $5,100,480. Accordingly, even without
8   calculations for attorneys' fees, Defendant has shown by a preponderance of the evidence the
9   amount in controversy in this case exceeds $5 million as required by CAFA.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. (ECF No. 5.) The parties are ordered to file a Joint Status Report with proposed dates for filing a motion for class certification within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Date: March 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE