UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TYONNA TURNER,

          Plaintiff,

    v.

ALCLEAR, LLC,

          Defendant.

Case No. 2:24-cv-00530-TLN-AC

**ORDER**

This matter is before the Court on Defendant Alclear, LLC's ("Defendant") Motion to Compel Arbitration. (ECF No. 12). Plaintiff Tyonna Turner ("Plaintiff") filed an opposition. (ECF. No. 15.) Defendant filed a reply. (ECF No. 17.) For the reasons set forth below, the Court GRANTS Defendant's motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff was employed as a Sales Ambassador by Defendant, AlClear, LLC, beginning on or around March 25, 2023. (ECF No. 12-1 at 7–8.) On March 23, 2023, Plaintiff signed an arbitration agreement. (*Id*. at 8.) The agreement states that "any disputes arising out of or relating to this Agreement, or Ambassador's employment with CLEAR or termination, shall be resolved exclusively by final and binding arbitration on an individual basis before one neutral

---

[1]    These facts are taken from Defendant's Memorandum of Points and Authorities in support of its Motion to Compel Arbitration. (ECF No. 12-1.) Plaintiff does not dispute these facts. (*See generally* ECF No. 15.)

1

arbitrator." (*Id*.)  The agreement also states that "[e]ither party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and/or to enforce an arbitration award." (*Id*.)  Plaintiff signed the arbitration agreement with an electronic signature. (*Id*. at 10.)

Plaintiff filed a class action lawsuit alleging several labor law violations against Defendant in Sacramento County Superior Court on January 11, 2024.  (*Id*. at 11.)  On February 16, 2024, Defendant filed an answer that included an affirmative defense that Plaintiff's complaint is barred by her arbitration agreement.  (*Id*.)  On February 20, 2024, Defendant removed the suit to federal court under the Class Action Fairness Act of 2005 ("CAFA").  (*Id*.; ECF No. 1.)  Plaintiff moved to remand the case back to state court on March 21, 2024.  (ECF No. 5.)

On March 26, 2024, while the motion to remand was still pending, Defendant met and conferred with Plaintiff via telephone to discuss the arbitration agreement.  (ECF No. 12-1 at 11.) Defendant shared the signed agreement alongside supporting materials and requested Plaintiff arbitrate her claims on an individual basis and dismiss her class action claims without prejudice. (*Id*.)  Plaintiff did not agree to these requests.  (*Id*.)

This Court denied Plaintiff's motion to remand on March 11, 2025.  (ECF No. 10.)  On March 12, 2025, Defendant renewed its request for arbitration with Plaintiff.  (ECF. No. 12-1 at 11.)  The request went unanswered.  (*Id*.)  Defendant filed the instant motion to compel arbitration on April 14, 2025.  (ECF No. 12.)

**II.    STANDARD OF LAW**

Under the Federal Arbitration Act "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  There exists an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an

2

allegation of waiver, delay, or a like defense to arbitrability." *Id*. (quoting *Moses H. Cone Memorial Hospital*, 460 U.S. 1 at 24–25 (1983)).  Upon satisfaction "that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.

### III.    ANALYSIS

Defendant argues Plaintiff entered into a valid arbitration agreement and the terms of the agreement require Plaintiff to arbitrate her claims on an individual basis.  (ECF. No. 12-1 at 14–22.)  In opposition, Plaintiff does not dispute either of these arguments.  (ECF No. 15 at 2.)  Rather, Plaintiff asserts Defendant waived its right to compel arbitration by engaging in conduct inconsistent with the intent to arbitrate.  (*Id*. at 5–9.)  The Court first considers the validity and scope of the arbitration agreement before turning to waiver.

### A.    Arbitration Agreement

Defendant argues that the parties' arbitration agreement is valid and enforceable.  (ECF No. 12-1 at 14–21.)  Defendant submits that Plaintiff's electronic signature must be given effect and that the agreement is not unconscionable.  (*Id.* at 15–20.)  Defendant describes the pathway Plaintiff had to navigate to access the agreement on their electronic platform as evidence that Plaintiff voluntarily acted in accordance with the intent to be bound by the agreement.  (*Id.* at 16.)  Defendant also argues the arbitration agreement expressly encompasses Plaintiff's claims.  (*Id.* at 21–22.)  Plaintiff raises no dispute about the validity or scope of the arbitration agreement.  (*See generally* ECF No. 15.)

District courts determine two gateway issues when deciding whether to compel arbitration: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  If the answer to both questions is "yes," then the Court must enforce the arbitration agreement in accordance with its terms.  *Id.*  Arbitration agreements are interpreted "by applying general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration[.]"  *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d

3

1046, 1049 (9th Cir. 1996).

The agreement in this matter expressly states that "any disputes arising out of or relating to this Agreement, or Ambassador's employment with CLEAR or termination, shall be resolved exclusively by final and binding arbitration on an individual basis before one neutral arbitrator." (ECF No. 12-2 at 9.)  It also provides that "[a]ny type of class, collective or multi-party claims are prohibited and the arbitrator will have no authority to alter the parties' agreement in this regard or to consider or resolve any claim or issue or provide any relief on any basis other than an individual basis." (*Id.*)  Based on the language of the agreement and the process by which Petitioner signed it, the Court finds Defendant has established the existence of a valid arbitration agreement that encompasses the dispute at issue.  Accordingly, the matter should proceed to arbitration.

### B.    Waiver

Having found the arbitration agreement to be valid and encompassing the dispute at issue, the Court now turns to whether Defendant waived its right to arbitrate.

An arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).  A party to an arbitration agreement may waive their right to arbitration.  *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). Waiver "is the intentional relinquishment or abandonment of a known right."  *Morgan v. Sundance*, 596 U.S. 411, 417 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right," *id.*, and considers two elements: "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right," *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023).  However, waiver is "disfavored because it is a contractual right, and thus 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758–59 (9th Cir. 1988)

4

(quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)).

The parties do not dispute that Defendant had knowledge of its right to arbitrate.  Plaintiff instead claims Defendant waived that right by engaging in inconsistent acts.  (ECF No. 15 at 5.) Plaintiff identifies two such acts: (1) participation in litigation by removing the action to federal court; and (2) unreasonable and unjustified delay.  (*Id.* at 4–9.)  The Court considers each in turn.

### i.    Participation in Litigation

"There is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions."  *Hill*, 59 F.4th at 471 (quoting *Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019)).  This element is satisfied "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court."  *Id.* (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016)).

Here, the only litigation Plaintiff identifies is Defendant's removal of the class action to federal court under CAFA and Defendant's opposition to Plaintiff's motion to remand.  (ECF No. 15 at 8.)  The Court finds this conduct does not constitute action inconsistent with the right to arbitrate for two reasons.  First, Defendant expressed its intent to arbitrate with Plaintiff before and after Defendant removed the matter to federal court.  (ECF. No. 12-1 at 11.)  Plaintiff's argument that Defendant's litigation activities constitute a waiver ignores the totality of Defendant's actions which indicate the opposite.  *Hill*, 59 F.4th at 471.

Second, Defendant did not engage in discovery or other pretrial proceedings apart from removal before seeking to compel arbitration.  Plaintiff fails to provide authority establishing that activity related to removal is, on its own, sufficient to constitute a waiver.  Instead, courts have declined to find waiver "where removal was the only action taken by the party against whom the waiver was to be enforced."  *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) (finding no waiver where defendant removed the case to federal court within six weeks of the complaint's filing and moved to dismiss by invoking an arbitration clause but did not engage in any other pretrial activity).  In contrast, "[a] defendant's removal of a case to federal court, coupled with participation in several months of litigation," can constitute a waiver.

*Hoover v. American Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1204 (2012); *see Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067–68 (C.D. Cal. 2011) (finding waiver where defendant removed to federal court, sought a venue transfer, participated in meetings and scheduling conferences, sought a protective order, and engaged in discovery).

Here, Defendant engaged in no pretrial activity apart from that related to removal.  The Court finds this limited litigation activity was not inconsistent with Defendant's right to arbitrate and thus does not constitute a waiver.

ii.    *Unreasonable and Unjustified Delay*

"[A] party's extended silence and delay in moving for arbitration may indicate a 'conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims,' which would be inconsistent with the right to arbitrate." *Martin*, 829 F.3d at 1125 (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988)); *see also*, *In Re Mirant Corp. v. Castex Energy, Inc.*, 613 F.3d 584, 591 (5th Cir. 2010) ("A party cannot keep its right to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court.").  "[W]hen a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court," that delay can constitute a waiver. *Martin*, 829 F.3d at 1125.

Here, while Defendant's motion to arbitrate was not filed until approximately fifteen months after Plaintiff filed her complaint in state court, the delay is justified.  As Defendant explains, it "proactively sought to enforce its agreement from the outset of litigation and delayed filing its motion to compel solely because it was waiting for the Court to rule on Plaintiff's remand motion (which would determine whether the motion to compel should be filed in federal or state court)." (ECF No. 17 at 4.)  The Court agrees Defendant was justified in waiting for the order on Plaintiff's motion to remand before moving to compel arbitration.  The delay present here was not an act inconsistent with Defendant's right to arbitrate.

The Court therefore rejects Plaintiff's argument and finds Defendant has not waived its right to arbitrate.

///

6

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel Arbitration.  (ECF No. 12.)  This case is hereby STAYED pending completion of arbitration of Plaintiff's individual claims.  The parties shall notify the Court within thirty (30) days of completing arbitration.

IT IS SO ORDERED.

Date: March 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE